FILED
2015 MAR -2 PM 3:45
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DUANE WOODMAN,**           Case No: **6:14-cv-1556-Orl-41**

*Plaintiff / Appellant,*

v.

**U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR J.P. MORGAN MORTGAGE
ACQUISITION TRUST 2006-WF1**

*Defendant / Appellee.*

_____

On Appeal from Order of the
United States Bankruptcy Court for the
Middle District of Florida
Orlando Division

## APPELLANT'S FIRST AMENDED OPENING BRIEF

**Duane Woodman**
2344 Pleasant Hill Road
Kissimmee, Florida 34746
805-806-0303

# TABLE OF CONTENTS

TABLES OF AUTHORITIES ...................................................................................................2

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ...................................3

STATEMENT OF ISSUES PRESENTED FOR APPELLATE REVIEW .........................3

STATEMENT OF THE CASE ..................................................................................................5

STATEMENT OF THE RELEVANT FACTS .......................................................................6

SUMMARY OF ARGUMENT ..................................................................................................9

ARGUMENT .............................................................................................................................13

CONCLUSION .........................................................................................................................17

CERTIFICATE OF SERVICE ...............................................................................................19

# TABLE OF AUTHORITIES

CASES                                                                                                               Page(s)

*Brady v. State,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ...................................6

6 Cranch, 135; 7 Cranch, 164 ...................................................................................................16

4 Wheat. R. 197; 12 Wheat. R. 318 .........................................................................................16

12 Wheat. R. 213.......................................................................................................................16

12 Wheat. 256; Id. 327; 3 Wash. C. C. Rep. 319; 8 Wheat. 84; 4 Wheat. 197..................16

Pet. C. C. R. 322. Vide, generally, Story on the Const. Sec. 1368 to 1891 Serg. Const. Law, 356; Rawle on the Const. h.t.; Dane's Ab. Index, h.t.; 10 Am. Jur. 273-297 ..........17

*United States Trust Co. v. New Jersey,* 431 U.S. 1, 19 n.16 (1977) ...................................17

*Lynch v. United States,* 292 U.S. 571, 579 (1934 ................................................................17


STATUTES.................................................................................................................Page(s)

28 U.S.C. §158(a)(1) ...................................................................................................................3

FRCP TITLE V. DISCLOSURES AND DISCOVERY

Rule 26. Duty to Disclose (3)(A) ..............................................................................................5

Article 1, Section 10, Clause 1 of the Constitution of the United States ......................5, 9,

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

This is an appeal from a final order and judgment of the United States Bankruptcy Court for the Middle District of Florida, entered on June 20, 2014, which granted a relief from stay, filed by U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WF1 ("US Bank"). This Court has jurisdiction over this appeal of a final order and judgment of a bankruptcy court under 28 U.S.C. §158(a)(1).

## STATEMENT OF THE ISSUES PRESENTED FOR APPELATE REVIEW

(1) Did the Bankruptcy Court err in allowing U.S. Bank to proceed at the trial/ evidentiary hearing knowing that Appellant had not been provided their **Evidence list** with exhibits in the prescribed time prior to the trial/evidentiary hearing in order to allow Appellant to properly prepare, present and defend his case?

(2) Did the Bankruptcy Court err in allowing U.S. Bank to proceed at the trial/ evidentiary hearing knowing that Appellant had not been provided their **Witness list** in the prescribed time prior to the trial/evidentiary hearing in order to allow Appellant to properly prepare, present and defend his case?

(3) Did the Bankruptcy Court err in allowing U.S. Bank to use up nearly the entire period of time allocated for the trial/evidentiary hearing resulting in Appellant not having enough time to present his Evidence, nor to bring forth Appellant's Witness(es), nor to testify on his own behalf?

(4) Did the Bankruptcy Court err by indiscriminately cancelling Appellant's preliminary hearing on his Adversary Complaint which had been scheduled to take place subsequent to the first hearing on Appellant's Lease Contract, instead of

3

issuing a Continuance for a later date, while there were still motions, and/or genuine issues of material facts outstanding?

(5) Did the Bankruptcy Court err in allowing U.S. Bank to waste an inordinate amount of the time allocated for the trial/evidentiary hearing by bringing up ancient matters pertaining specifically to Appellant's relatives that had no relevance whatsoever to Appellant's Lease Contract, when at a prior motions hearing, Judge Jackson had stated that only the issues pertaining to the Lease Contract in question were to be heard at the scheduled Trial/evidentiary hearing on the Lease Contract?

(6) Did the Bankruptcy Court err in allowing U.S. Bank to determine, in and of its own biased opinion, what a common or standard rental rate should be under Appellant's Lease Contract, when in fact there was no expert witness present, nor any other evidence properly submitted, in regard to lease rates where the lease rent or part of the lease rent may be an exchange for labor, repairs, maintenance and/or supervisory services?

(7) Did the Bankruptcy Court err in allowing U.S. Bank to arbitrarily expunge years of Appellant's monetary investment and vested interest in the property by issuing an Order granting Appellee U.S. Bank's Relief from Stay?

(8) Did the Bankruptcy Court err in allowing Appellee to arbitrarily void and cancel Appellant's active and valid Lease Contract, resulting in an improper impairment of Appellant's contract, by issuing an Order granting Appellee's Relief from Stay?

(9) Did the Bankruptcy Court err in not scheduling a Pre-Trial conference hearing in order to inform the parties of the court's trial process, and review the court's rules and procedures for trials/evidentiary hearings, especially as it pertains to rules of Evidence and Witnesses, in preparation for the upcoming trial?

## **STATEMENT OF THE CASE**

This case concerns the denial of **Substantive** Due Process of law entailing improprieties regarding violations of the court's rules of civil procedure, to inappropriate allowances to hearsay and improperly presented evidence, and erroneous cancellation of a valid contract protected by Article 1, Section 10, Clause 1 of the Constitution of the United States, made by the court, pursuant to Appellant's trial/evidentiary hearing that occurred on May 15, 2014, on an active and valid Lease Contract.

The controversy which leads to the appeal pertains to the events that occurred during and prior to Appellant's trial/evidentiary hearing on his Lease Contract where:

a. Appellant was denied **Substantive** Due Process in regard to being able to properly present his case and his witness(es), but there was not enough time left to do so;

b. Appellant was literally ambushed at the trial/evidentiary hearing by Appellee's counsel bringing up matters of complete irrelevance to the case, which used up a vast majority of the time being allocated for the hearing;

c. Appellee's counsel's gross violations of the court's rules of civil procedures, which were improperly allowed in regard to the entering of evidence that was not provided to Appellant prior to the hearing, as is required by the court's rules of procedure in regard to evidence, FRCP Rule 26. Duty to Disclose (3)(A);

d. Appellee's counsel again violated the court's rules and procedures and was improperly allowed to call witness(es) for which the Witness List was never provided to Appellant prior to the hearing, as is required by the court's rules of procedure in regard to witnesses, FRCP Rule 26. Duty to Disclose;

e. Appellant's hearing on his Adversarial Complaint, which had been scheduled to take place subsequent to the first trial/evidentiary hearing on Appellant's Lease Contract, was arbitrarily and improperly cancelled, rather than have it be continued for a later date, while there were still genuine issues of material facts outstanding;

f. Appellant's active and valid Lease Contract was impaired and subjectively voided, and years of Appellant's monetary investment and interest in the property expunged, by allowing U.S. Bank to determine, of its own opinion and through hearsay, what a common or standard lease rental rate should be for Appellant's lease, when in fact there was no expert witness present, nor any evidence properly submitted, in regard to Lease contract rental rates, where the contract rent or a part of it may be an exchange for labor, repairs, maintenance and/or supervisory services on the property; and

g. The total disregard to Appellant's numerous objections in regard to what was a clear violation of his rights to due process of law, resulted in such bias and unfairness that it blatantly infringed upon Appellant's right to a fair trial.

> <u>Brady v. State,</u> 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Under *Brady*, the prosecution has a duty to disclose evidence favorable to a defendant, whether the evidence is exculpatory or impeachment, prior to trial.

## STATEMENT OF REVELANT FACTS

On **November 1, 2009,** Appellant signed a Lease Contract with homeowner, Arlette de Andrade, for the property located at 2344 Pleasant Hill Road, Kissimmee, Florida 34746;

Sometime thereafter, Appellant learned that the homeowner had received a Summary Judgment in a wrongful foreclosure action, Appellant submitted a copy of his

6

Lease Contract to the court, and to the local Sheriff's office, and faxed a copy of his Lease Contract to Appellee's counsel's office to notice them of his active and valid Lease Contract, and his status of being in possession of the property as one of the tenants;

On **August 16, 2013,** Appellant filed a voluntary petition for Chapter 13 Bankruptcy in the Middle District of Florida, as U.S. Bank failed to respond to or to acknowledge his status as a tenant in the property, and to protect his Lease Contract;

On **December 24, 2013,** U.S. Bank filed for a Relief from Stay; again disregarding Appellant's active and valid Lease Contract;

On **December 26, 2013,** an Order Abating Motion for Relief from Stay was entered by the Bankruptcy Court;

On or about early **January, 2014,** while the Bankruptcy stay was in place, U.S. Bank requested that a Writ of possession be issued by the State court, and attempted to wrongfully evict Appellant from his home, disregarding the fact that Appellant was still under protection from the Bankruptcy Court, for which actions caused substantial damage to Appellant's personal belongings;

On **January 22, 2014,** U.S. Bank filed an Amended Motion for Relief from Stay and again attempted to disregard and/or terminate Appellant's Lease Contract;

On **February 12, 2014,** Appellant filed an Objection to U.S. Bank's Relief from Stay; whereby Appellant stated that he had an active and valid Lease Contract, and years of monetary investment and interest in the property, and stated that there were genuine issues of material fact still outstanding in the case;

On **April 10, 2014**, Appellant filed an Adversary Complaint against U.S. Bank; whereby Appellant sought to protect his Lease Contract, and to sustain years of interest that he had invested in the property;

Later, the Pre-Trial Conference hearing on the Adversary Complaint was set for June 25, 2014, but was later changed and moved back nearly 1 and 1/2 month, to fall on the same day as the trial/evidentiary hearing on the Lease Contract, immediately following that trial/evidentiary hearing;

On **April 23, 2014**, a hearing on Appellant's Objection to the Relief from Stay was held, and a trial/evidentiary hearing on the Lease Contract was set for May 15, 2014 at 2:15 pm, with 2 hours being reserved for the hearing. Please take note that at the hearing on April 23, 2014, Judge Cynthia Jackson clearly stated that only the issues pertaining to the Lease Contract in question would be heard at the trial/evidentiary hearing;

Also, on **April 23, 2014**, a Pre-Trial Conference for the Adversary Case was moved from June 25, 2014 to May 15, 2014, which eliminated nearly 1 months of time for Appellant to prepare for that particular hearing;

On **May 15, 2014**, at 2:15 pm, the trial/evidentiary hearing on Appellant's Lease Contract was held, during which trial/hearing there was a gross usurpation of the allocated time by Appellee, as well as violations of rules of court, and substantial violations of Appellant's right to due process. Appellant objected to said improprieties and violations of rules of court and due process, however, the trial continued, resulting in time running out for Appellant to properly present his case, and call forth his witnesses.

On **June 20, 2014,** the Motion to lift the automatic stay was ordered by the Court; As a result of the improper hearing and the allowance of said improprieties, and numerous violations of **Substantive** Due Process, rules of court and civil procedure, Appellant's valid interest in the property was summarily expunged, and his active and valid Lease Contract was grossly violated and improperly voided, resulting in an impairment of contract, which violates both federal and Florida state laws, and in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States.

On **July 7, 2014,** Appellant timely filed a MOTION FOR RECONSIDERATION;

On **July 24, 2014**, an Order denying Appellant's Motion for Reconsideration was entered by the court;

On **August 11, 2014**, Appellant filed a NOTICE OF APPEAL.

## SUMMARY OF THE ARGUMENT

**FIRST**, Appellant states that the Bankruptcy court should not have allowed Appellee, U.S. BANK, as Trustee, to usurp nearly the entire period of time allocated for the trial/evidentiary hearing on the lease Contract which resulted in a purely one-sided presentation with Appellant not being allowed enough time to present his case, nor his Evidence, nor to bring forth Appellant's Witness(es), nor to testify on his own behalf, which is clearly an unbalanced and biased allocation of the time reserved.  The fair and proper thing to do would have been to continue the matter so that the trial/hearing in order in order to allow Appellant to have had his fair and equal share of time to present his case. U.S. Bank wasted an inordinate amount of the time allocated for the

9

trial/evidentiary hearing by bringing up obsolete and irrelevant matters pertaining specifically to Appellant's relatives, that had no relevance whatsoever to Appellant's lease Contract. This causes Appellant to take issue with the fact that at a prior motions hearing, Judge Jackson had stated that only the issues pertaining to the Lease Contract in question were to be heard at the scheduled Trial/evidentiary hearing on the Lease Contract, however the court allowed Appellee to go on and on about matters that had absolutely nothing to do with the Lease Contract. This clearly indicated that what was a directive for one party in the matter was not a directive for the other, which equates to an obvious double standard.

**SECOND**, Appellant states that the Bankruptcy court should not have allowed Appellee to clearly violate the court's Rules of Civil Procedure, in regard to the proper procedure for prior timely presentment of a List of the Evidence and the List of Witness(es) that they were going to enter as evidence into the case, which was a clear and substantive violation of Appellant's right to Due Process. Appellant clearly objected again and again, to the well over 30 pieces of self-professed Evidence that Appellee erroneously submitted into the case, for which many had absolutely no relevance to his Lease Contract whatsoever. The court should have requested that the rules for submitting Evidence be followed, and that these items be presented to Appellant prior to the hearing as required by the rules.

**THIRD**, Appellant states that the Bankruptcy court should not have allowed Appellee to determine, in and of its own biased and self-serving opinion, to determine what a common or standard lease rental rate should be under Appellant's lease Contract, when in fact there was no expert real estate witness present, nor any other evidence

properly submitted, in regard to lease contract rates where the lease rent or part of the lease rent may be an exchange for labor, repairs, maintenance and/or supervisory services. This is something that only a qualified real estate professional could provide testimony for, and there was no such real estate expert present during the hearing. Additionally, there were numerous other unresolved and/or undisclosed material issues of fact that had not been allowed to be presented into the case by Appellee and his witness(es) due to the usurpation of time by Appellee. This issue could have been easily resolved if a continuance had been issued by the court to allow Appellant enough time to properly present his case in defense of his lease Contract.

**FOURTH**, Appellant states that the Bankruptcy court should not have allowed Appellee to arbitrarily expunge several years of Appellant's monetary investment and vested interest in the property by issuing a premature Order granting Appellee's Relief from Stay while there were genuine issues of material fact still outstanding in the case. Appellant has an active and valid lease Contract on a property for which he has committed himself in regard to time, money, and an extensive amount of energy, for which he maintains the right to reap the benefits of the quiet and peaceful enjoyment of his home, especially as he is a senior. This issue of Appellee's blatant refusal to acknowledge, or honor his Lease Contract, or to at the least, to attempt to work out some kind of reasonable agreement, has placed an undue amount of hardship on Appellant, and has been so concerted and outrageous as to amount to malicious elder abuse. Under bankruptcy protection, the court should have served to assist the parties in negotiating a good faith "meeting of the minds", and sought a common middle ground where perhaps the parties could have found a way to settle the matter amicably.

**FIFTH**, Appellant states that the Bankruptcy court should not have issued the Order granting the Relief from Stay which allowed Appellee and the court to arbitrarily void Appellant's active and valid lease Contract, resulting in an improper cancellation of Appellant's contract, which is a clear and **substantive** violation of Appellant's right to due process, and an appalling impairment of contract. Appellant's lease Contract was and still is protected by the Article I, Section 10, which states in part that:

> *"No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or <u>Law impairing the Obligation of Contracts</u>, or grant any Title of Nobility".* [emphasis added]

**SIXTH**, Appellant states that the Bankruptcy court should not have indiscriminately cancelled Appellant's preliminary hearing on his Adversary Complaint which had been scheduled to take place subsequent to the first hearing on Appellant's Lease Contract, while there were still genuine issues of material facts outstanding. Instead of canceling the 2nd hearing, the court should have simply issued a Continuance for a later date, which would have allowed Appellant the time to properly prepare for and present his case. The cancellation of the Adversary Complaint hearing was again another clear example of a substantive denial of Appellant's right to due process of law.

**SEVENTH** and lastly, Appellant states that the Bankruptcy court erred in granting a Relief from Stay to Appellee U.S. BANK, as Trustee, while there were still several outstanding and genuine issues of material fact still outstanding in the case. Much as Appellee would like to continue to ignore the fact that there is a valid and active Contract at issue here, Appellant would expect that court would do no less than to be fair and just, to steadfastly uphold the rule of law, and to adamantly sustain the obligation of Contracts.

## ARGUMENT

**1) A SUBSTANTIVE ISSUE OF VIOLATION OF DUE PROCESS STILL EXISTS AS TO WHETHER THE BANKRUPTCY COURT SHOULD HAVE ALLOWED APPELLEE US BANK, AS TRUSTEE, TO USURP NEARLY THE ENTIRE TIME FOR THE TRIAL/EVIDENTIARY HEARING, IN FAVOR OF THE APPELLEE.**

---

During the Trial/Evidentiary hearing, the Bankruptcy Court allowed Appellee to continue to improperly present over 30 pieces of alleged Evidence into the case that had not been prior submitted, as required by the rules of court. Although Appellant objected, the court allowed Appellee to continue until nearing the end of the 2-hour allocation of time, when the Judge finally told Appellee to stop, because the time had nearly run out. This showed bias in favor of Appellee, and violated Appellant's right to due process, and in that regard, the Bankruptcy Court erred.

## ARGUMENT

**2) THE INDISPUTABLE ISSUE OF APPELLEE'S VIOLATION OF THE COURT'S RULES OF PROCEDURE FOR PRIOR TIMELY PRESENTMENT OF A LIST OF THE EVIDENCE AND THE LIST OF WITNESS(ES) PERTAINING TO WELL OVER 30 PIECES OF PURPORTED EVIDENCE THAT APPELLEE IMPROPERLY ENTERED INTO THE CASE, AT THE TRIAL / EVIDENTIARY HEARING, RESULTING IN A CLEAR AND SUBSTANTIVE VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS.**

---

Appellant objected numerous times to the well over 30 pieces of purported Evidence that Appellee submitted into the case, and had to be stopped by the court. The court should have requested that the rules for submitting Evidence pursuant to the prior presentment of an Evidence List and A Witness List be followed, as required by the rules of court.

13

## ARGUMENT

3) A GENUINE ISSUE OF MATERIAL FACT STILL EXISTS IN REGARD TO APPELLEE'S RIGHT TO DETERMINE, IN AND OF ITS OWN BIASED AND SELF-SERVING OPINION, TO DETERMINE WHAT A COMMON OR STANDARD LEASE RENTAL RATE SHOULD BE UNDER APPELLANT'S LEASE CONTRACT, WHEN IN FACT THERE WAS NO EXPERT REAL ESTATE PROFESSIONAL PRESENT AT THE HEARING, NOR ANY OTHER EVIDENCE PROPERLY SUBMITTED, TO TESTIFY IN REGARD TO LEASE CONTRACT RATES WHERE THE LEASE RENT OR PART OF THE LEASE RENT MAY BE AN EXCHANGE FOR LABOR, OR REPAIRS, MAINTENANCE AND/OR SUPERVISORY SERVICES, RESULTING IN A CLEAR AND SUBSTANTIVE VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS.

---

Only a qualified real estate professional could provide testimony for the current rental rates, pertaining to the Appellant's situation and Contract, but there was no such real estate expert present during the hearing. In this regard, the court erred in allowing Appellee to determine what said rent should have been; and to summarily ignore such terms as to emphasize agreement between landlord and tenant to permit compensation in the form of maintenance work in lieu of monetary compensation.

## ARGUMENT

4) THE BANKRUPTCY COURT SHOULD NOT HAVE ALLOWED APPELLEE TO ARBITRARILY EXPUNGE SEVERAL YEARS OF APPELLANT'S MONETARY INVESTMENT AND VESTED INTEREST IN THE PROPERTY BY ISSUING A PREMATURE ORDER GRANTING APPELLEE'S RELIEF FROM STAY, WHILE THERE WERE GENUINE ISSUES OF MATERIAL FACT STILL OUTSTANDING IN THE CASE.

---

Appellant has an active and valid lease Contract on a property for which he has substantially invested in regard to time, money, and an extensive amount of energy. Appellant upholds his interest in the property and requests that the court do so as well.

Appellant also maintains that he has the right to reap the benefits of said investment the quiet and peaceful enjoyment of his home, especially as a senior retiree. The court should not allow this issue of Appellee's blatant and malicious refusal to acknowledge, or honor Appellant's active and valid Lease Contract.

## ARGUMENT

**4) THE BANKRUPTCY COURT SHOULD NOT HAVE ISSUED THE ORDER GRANTING THE RELIEF FROM STAY WHICH ALLOWED APPELLEE AND THE COURT TO ARBITRARILY VOID APPELLANT'S STILL ACTIVE AND VALID LEASE CONTRACT, RESULTING IN AN IMPROPER CANCELLATION OF APPELLANT'S CONTRACT, WHICH IS A CLEAR AND SUBSTANTIVE VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS, AND AN APPALLING IMPAIRMENT OF CONTRACT.**

---

Article I, Section 10, contains a list of prohibitions concerning the role of the states in political, monetary, and economic affairs.

1. IMPAIRING THE OBLIGATION OF CONTRACTS. The Constitution of the United States, Article 1, Section 10, Clause 1, declares that no state shall "pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts."

2. Contracts, when considered in relation to their effects, are executed, that is, by transfer of the possession of the thing contracted for; or they are executory, which gives only a right of action for the subject of the contract. Contracts are also express or implied. The constitution makes no distinction between one class of contracts and the other. 6 Cranch, 135; 7 Cranch, 164.

3. The obligation of a contract here spoken of is a legal, not a mere moral obligation; it is the law which binds the party to perform his undertaking. The

obligation does not inhere or subsist in the contract itself, proprio vigore, but in the law applicable to the contract. 4 Wheat. R. 197; 12 Wheat. R. 318; and. this law is not the universal law of nations, but it is the law of the state where the contract is made. 12 Wheat. R. 213. Any law which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulations in the contract, necessarily impairs it. 12 Wheat. 256; Id. 327; 3 Wash. C.C.Rep. 319; 8 Wheat. 84; 4 Wheat. 197.

4. Valid Contract rights are a form of property and therefore may be taken by *congress* by a reasonable seizure in accordance with the fourth amendment, but requires *just compensation* be paid to the effected party. *United States Trust Co. v. New Jersey*, 431 U.S. 1, 19 n.16 (1977); *Lynch v. United States*, 292 U.S. 571, 579 (1934). [Emphasis added]

*A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.*

## ARGUMENT

**4) THE BANKRUPTCY COURT SHOULD NOT HAVE INDISCRIMINATELY CANCELLED APPELLANT'S PRELIMINARY HEARING ON HIS ADVERSARY COMPLAINT WHICH HAD BEEN SCHEDULED TO TAKE PLACE SUBSEQUENT TO THE FIRST HEARING ON APPELLANT'S LEASE CONTRACT, WHILE THERE WERE STILL SUBSTANTIAL AND GENUINE ISSUES OF MATERIAL FACTS OUTSTANDING.**

---

The cancellation of the Adversary Complaint hearing was again another clear example of a substantive denial of Appellant's right to due process of law.

THEREFORE, in consideration of all that is stated herein, this Court can and should find that the Appellee did violate the court's rules of procedure, as well as Appellant's right to due process of law, and in not allowing Appellant's Adversary Complaint to be heard, and should find in favor of the Appellant, and without pause, should overturn the erroneous Order granting Appellee's Relief from Stay, as would be fair and just.

## CONCLUSION

If the Court finds, as it should in the interest of justice, that the Bankruptcy Court erred in granting Appellee's motion for Relief from Stay, whereby Appellant's active and valid Lease Contract was subjectively voided, and years of Appellant's work, monetary investment and interest in the property expunged, when there were clear issues of a denial of **Substantive** Due Process of law, and while there were genuine issues of material fact still outstanding in the case, then this Court should reverse the Bankruptcy Court's Order, and remand this case in order that there may be a new Pre-Trial conference scheduled, and a new trial/evidentiary hearing set, which explicitly requires that the rules of the court be observed.

Respectfully Submitted,          Dated this 2nd day of March, 2015.

*[signature]*
**Duane Woodman**
2344 Pleasant Hill Road
Kissimmee, Florida  34746
*805-806-0303*

## CERTIFICATE OF SERVICE

I, Duane Woodman, hereby certify that I have mailed by USPS, a copy of the above document:

### APPELLANT'S FIRST AMENDED OPENING BRIEF

On this 2nd day of March, 2015, to:

**Carlton Fields & Associates**
City Place Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401


_____
Duane Woodman, *Appellant*