UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DUANE WOODMAN,**

**Appellant,**

**v.**                                                    **Case No:  6:14-cv-1556-Orl-41**

**U.S. BANK,**

**Appellee.**

_____/

**ORDER**

THIS CAUSE is before the Court on Appellant's Amended Motion for Extension of Time to File Reply (Doc. 44). Appellant seeks an additional fourteen days to file his reply to Appellee's Answer Brief (Doc. 41). For the reasons set forth herein, Appellant's Amended Motion for Extension will be denied.

This bankruptcy appeal was received on September 26, 2014, (*see* Doc. Nos. 1–11), rendering Appellant's opening brief due on October 10, 2014 pursuant to Federal Rule of Bankruptcy Procedure 8009. However, Appellant did not timely file his initial brief. Rather, on November 10, 2014, a full month after the initial brief became due, this Court ordered Appellant to show cause as to why he had failed to timely pursue his appeal. (Order to Show Cause, Doc. 24, at 1). Appellant responded by seeking an additional ninety days to file his opening brief. (Appellant's Resp., Doc. 28, at 2). Based on Appellant's representations, the Court granted Appellant a sixty-day extension. (Dec. 4, 2014 Order, Doc. 29, at 1). Thereafter, Appellant sought and was granted two additional extensions. In total, Appellant was granted over four additional months to file his opening brief past the date it came due under the Rules of Bankruptcy Procedure. (*See* Feb. 18, 2015 Order, Doc. 35, at 1–2). Despite this Court's ample allotment of time and

cautioning that the discretion to grant extensions is not unlimited, Appellant filed a First Amended Opening Brief (Doc. 38) without leave of the Court and after the deadline for filing the initial brief had lapsed. Yet, the Court accepted this filing despite the procedural infirmities. (Mar. 18, 2015 Order, Doc. 40, at 1).

This Court has been exceptionally generous in its allowance of time for Appellant. However, such generosity cannot go beyond the point of prejudice to Appellant's opposition. Because of Appellant's constant requests for extensions and failure to follow procedural rules, this appeal has been ongoing for nearly seven months. Furthermore, Appellee has represented that Appellant is prone to such delay tactics and that Appellee is being prejudiced in its ability to enforce its rights by the delays already caused in this appeal. (Appellee's Am. Resp. to Mot. Extension, Doc. 36, 1–3). Appellant was placed on notice by this Court's February 18, 2015 Order that additional extension would not be granted if they would create undue delay or prejudice to Appellee. (Feb. 18, 2015 Order at 1–2). Any extensions of time for Appellant to file his reply brief would result in both undue delay and prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** the Appellant's Amended Motion for Extension (Doc. 44) is **DENIED** and Appellant's Motion for Extension (Doc. 43) is **DENIED as moot**. The Court will issue a ruling without further briefing by Appellant.

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party