UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In Re:**
**DUANE WOODMAN,**

        **Debtor.**
_____/

**DUANE WOODMAN,**

        **Appellant,**

v.

**Case No: 6:14-cv-1556-Orl-41**
**Bankr. Case No: 6:13-bk-10272-CCJ**

**U.S. BANK,**

        **Appellee.**
_____/

## ORDER

THIS CAUSE is before the Court on Appellant's Motion for Reconsideration Due to Fraud on the Court and to Account for Newly Discovered Evidence ("Motion for Reconsideration," Doc. 50). For the reasons set forth herein, Appellant's motion will be denied.

### I.  BACKGROUND

Appellant decided to move to Florida from California in 2009. (Hr'g Tr., Doc. 11-2, at 6:22–7:3, 7:23–8:5). As a result of this decision, he began seeking housing in Florida. (*Id.* at 12:7–21). Around that time, Appellant met Arlette de Andrade through an online discussion forum on the mortgage foreclosure crisis. (*Id.* at 13:5–9, 14:5–7, 14:15–25). Ms. de Andrade informed Appellant that she had a house for rent in Kissimmee, Florida. (*Id.* at 15:4–10, 15:21–25, 24:23–25). Appellant ultimately signed a lease with Ms. de Andrade requiring him to pay $250 per month

and allowing him to renew his term, without a raise in the monthly rent, up to November 2019. (Lease, Ex. A to Woodman Aff., Doc. 2-1, at 12–13, 16–18).[1]

At the time Appellant signed the initial lease in November 2009, (*id.* at 9, 16), Appellee was in the process of foreclosing on the mortgage in state court, (State Ct. Docket, Doc. 4-1, at 10, 19). Appellee obtained an order of Final Summary Judgment of Mortgage Foreclosure against Ms. de Andrade and her tenants on January 14, 2010. (Order of Final Summ. J., Doc. 5-1, at 2–7). Appellee purchased the house at a judicial foreclosure sale thereafter. (Certificate of Sale, Doc. 5-1, at 9). Appellee sent notice of the sale to the tenants and required either that they vacate the premises or provide proof of any defense they had to an immediate eviction. (Notice of Sale, Doc. 5-1, at 16–17).

Appellant sought protection for himself and a co-tenant in state court. (*See, e.g.*, Emergency Pet., Doc. 5-1, at 32). Appellant asserted protection under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub. L. No. 111-22, § 702(a), 123 Stat. 1632, 1660–61 (codified as amended at 12 U.S.C. § 5220 note), which provides certain defenses to eviction proceedings for tenants residing in foreclosed properties. (*Id.*). After extensive proceedings in the state court, (*see generally* State Ct. Docs., Doc. 5-1, at 36, 41–55; State Ct. Docs., Doc. 6-1, at 2–17, 37–41), Appellant filed a voluntary petition for bankruptcy in the Middle District of Florida, (Bankr. Ct. Docket, Doc. 1-1, at 1). Pursuant to 11 U.S.C. § 362(a), the state court eviction proceedings against Appellant were automatically stayed and the state court issued an order vacating the writ of possession previously issued in favor of Appellee. (Order Vacating Writ of Possession, Doc. 6-1, at 44).

---

[1] Where, as here, an attachment contains multiple documents, pinpoint citations will be to the electronic page number.

Appellee moved the Bankruptcy Court to grant it relief from the automatic stay so that it could proceed with the eviction proceedings in state court. (*See* Bankr. Ct. Docket at 5). The Bankruptcy Court held an evidentiary hearing on the motion, (*see* Hr'g Tr. at 3:15–17), and issued an order granting Appellee relief from the stay, (Order Granting Mot. for Relief from Stay, Ex. A to Appellee's Answer Br., Doc. 41, at 28–29). After the Bankruptcy Court denied Appellant's Motion for Reconsideration (Doc. 1-5), Appellant appealed to this Court. (Am. Notice of Appeal, Doc. 1-3, at 1). This Court determined that Appellant's appeal was moot because the PTFA is no longer a viable to defense. (Aug. 25, 2015 Order, Doc. 47, at 4–5). Thereafter, Appellant filed the instant Motion for Reconsideration.

## II.   LEGAL STANDARD

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla.

2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

### III. ANALYSIS

Appellant raises two issues in his Motion for Reconsideration. First, Appellant argues that Appellee did not have standing to seek a lift of the stay in the underlying bankruptcy case. Second, Appellant argues that this Court's determinations with respect to the PTFA were wrong.

With respect to Appellant's second argument, Appellant does nothing more than state that this Court's determinations with respect to the PTFA were "arbitrary and . . . not supported by a rule or case law." (Mot. for Recons. at 6). Appellant has not cited any authority for this proposition or elaborated on an alleged deficiency in this Court's August 25, 2015 Order. The burden in on the movant to establish good cause to reverse a prior order. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) ("In order to reconsider [an order] there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."); *see also Carroll v. TheStreet.Com, Inc.*, No. 11-cv-81173, 2013 WL 9839135, at *1 (S.D. Fla. Oct. 29, 2013) ("The party seeking reconsideration has the burden to set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." (quotation omitted)). Accordingly, Appellant's motion will be denied as to this argument.

Appellant also argues that Appellee lacks standing. Specifically, Appellant contends that Ms. de Andrade rescinded the mortgage on the subject property pursuant to 15 U.S.C. § 1635 and, therefore, the underlying judgment of foreclosure, and any sale resulting therefrom, is invalid. Even assuming that Appellant's standing argument is properly brought before this Court, Appellant is essentially asking this Court to declare the underlying judgment of foreclosure invalid, which this Court is prohibited from doing under the *Rooker-Feldman* doctrine.

Pursuant to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D. C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). "[T]he *Rooker-Feldman* doctrine operates as a bar to federal court jurisdiction where . . . (1) the success of the federal claim would effectively nullify the state court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012) (quotation omitted).

Appellant, as a tenant, was a party to the underlying foreclosure litigation. In that case, the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, issued a Final Summary Judgment of Mortgage Foreclosure, which was subsequently affirmed by the Fifth District Court of Appeal. *See Deandrade v. U.S. Nat'l Ass'n*, 66 So. 3d 1085, 1085 (Fla. 5th DCA 2011). Thereafter, the property was sold to Appellee at a foreclosure sale. In order to invalidate the sale to Appellee and defeat standing in this case, this Court would have to decide if the state courts wrongly determined that the defendant in the foreclosure action was entitled to a final judgment of foreclosure. In other words, Appellant may only prevail on his standing argument to

the extent the state courts wrongly decided the foreclosure issues. Such an inquiry by this Court is prohibited.

To the extent Appellant argues that the foreclosure judgment, and resulting sale to Appellee, was the product of fraud, this argument is misplaced. The Eleventh Circuit has not recognized an exception to the *Rooker-Feldman* doctrine for judgments that were the product of fraud. *See Valentine v. BAC Home Loans Servicing, L.P.*, — F. App'x —, No. 14-15196, 2015 WL 9461726, at *3 (11th Cir. Dec. 28, 2015) (per curiam) (noting that there are not exceptions to the *Rooker-Feldman* doctrine for either extrinsic or intrinsic fraud).

Appellee purchased the subject property at a foreclosure sale that resulted from the Final Summary Judgment of Mortgage Foreclosure in the underlying foreclosure case. As set forth above, this Court cannot reconsider the propriety or correctness of the state courts' determination with respect to the underlying judgment of foreclosure. Furthermore, Appellant raises no cognizable arguments that the sale of the property to Appellee was otherwise improper. Thus, as the holder of the property, Appellee had, and has, standing to seek relief. Appellant's standing argument is without merit and his Motion for Reconsideration will be denied.

### IV.   CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Appellant's Motion for Reconsideration Due to Fraud on the Court and to Account for Newly Discovered Evidence (Doc. 50) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2016.



Copies furnished to:

Counsel of Record
Unrepresented Party